# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings |
| | Under Chapter 7 |
| Yolanda Ross | |
| | Case No. 12-31573 |
| Debtor(s). | |

## OPINION

This matter comes before the Court on the Chapter 7 Trustee's Objection to the debtor's Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments (Official Form 3B) ("the Application"). The issue before the Court is whether the Court should consider the debtor's net income or gross income when the debtor applies for waiver of the filing fee.

The debtor filed her Chapter 7 petition and the Application on August 20, 2012. In the Application, the debtor indicated that she lives in a two-person household. The debtor listed her Total Combined Monthly Income as $1,248.00. This is the debtor's *net* income. The Trustee objects to the debtor's Application on the grounds that the debtor's *gross* income should be used when considering the Application. The debtor's gross income is $2,010.00 per month, or $24,120.00 per year.

The debtor's Application and the Trustee's objection thereto were originally called for hearing on September 18, 2012. At that hearing, the matter was taken under advisement and the Trustee was given a chance to submit a brief in support of his position.

Bankruptcy Rule 1006 provides that all bankruptcy petitions shall be accompanied by a filing fee as prescribed in 28 U.S.C. § 1930. As of the date of this opinion, the filing fee for a Chapter 7 case is $306.00. The Rule also provides:

> A voluntary chapter 7 petition filed by an individual shall be accepted for filing if accompanied by the debtor's application requesting a waiver under 28 U.S.C. § 1930(f), prepared as prescribed by the appropriate Official Form.

Fed. R. Bankr. P. 1006(c). Section 1930(f) provides in relevant part:

> (1) Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f). The referenced guidelines for 2012, promulgated by the Department of Health and Human Services, show that, for a two-person household in the 48 contiguous states and Washington, D.C., 150% of the poverty line is $1,891.25 per month or 22,695.00 per year. The debtor's gross income exceeds the guidelines.

Arguments

The Trustee makes several arguments in support of his objection. He first notes that courts are split on whether the debtor's gross or net income should be considered when making a comparison to the HHS guidelines. He cites three cases where courts looked at the debtor's net income, *In re Machia*, 360 B.R. 416 (Bankr.D.Vt. 2007), *In re Spisak*, 361 B.R. 408 (Bankr.D.Vt. 2007), and *In re Bradshaw*, 349 B.R. 511 (Bankr.E.D.Tenn. 2006), and two cases where courts looked at the debtor's gross income, *In re Laury*, 2006 WL 2457147 (Bankr.N.D.Ohio 2006) and *In re Bolinger*, 2006 WL 2457139 (Bankr.N.D.Ohio 2006).

The Trustee next argues that the term "income," as used in § 1930(f), should be construed to refer to the debtor's gross income as listed on line 1 of Schedule I. He claims that there is a conflict between the language of Official Form 3B and § 1930 and argues that, when such a conflict exists, the language of the statute must control. See *In re Rahman*, 400 B.R. 362, 368 (Bankr.E.D.N.Y. 2009) quoting Fed. R. Bankr. P. 9009 ("The forms shall be construed to be consistent with these Rule and the Code."); *In re Harris*, 415 B.R. 756, 762 (Bankr.E.D.Cal. 2009) quoting *In re Rahman*, 400 B.R. at 368 n.10 ("When the wording of an Official Form varies from the language of the underlying statute, the statute controls.").

Finally, the Trustee argues that the debtor should not be allowed to deduct income tax withholdings when determining her income for purposes of the Application. The Trustee argues that, in his experience, debtors receive substantially all of their income tax withholdings back when they file their yearly return. Therefore, it is illogical to exclude income tax withholdings from the determination of income.

<u>Analysis</u>

The Trustee's arguments fail. The cases cited by the Trustee in support of his position provide little help. In *In re Laury* and *In re Bolinger*, the distinction between gross and net income was irrelevant because the debtor's gross income fell substantially below the HHS guidelines. Thus, the choice between gross income and net income did not have to be made as, using either, the debtors qualified for a waiver of the filing fee.

The Trustee is also incorrect that there is a conflict between the statute and the forms. A court's interpretation of the Bankruptcy Code begins where all such inquiries must begin: with the language of the statute itself. *U.S. v. Ron Pair Enterprises*, Inc., 489 U.S. 235, 241 (1989).

Where the statute's language is plain, "the sole function of the courts is to enforce it according to its terms." *Id*. quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917).

The Trustee fails to identify the perceived conflict. In fact, there is no conflict. Rule 1006 specifically references 28 U.S.C. § 1930. The plain language of § 1930, in turn, refers the reader to "the procedures prescribed by the Judicial Conference of the United States." Those procedures specify that "[t]he income for comparison to the poverty guidelines is the 'Total Combined Monthly Income' as reported (or as will be reported) on Line 16 of Schedule I." Judicial Conference of the United States, *Interim Procedures Regarding Chapter Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*.[1] The instructions in the Application mirror the reference to Line 16 of Schedule I. Following the explicit instructions set forth in the procedures established by the Judicial Conference, the debtor is required to use her net income, as calculated on Schedule I and listed on Line 16.

Finally, as explained above, since the language of the statute is clear, it would be inappropriate to prohibit the debtor from deducting payroll taxes. A fee waiver may be granted under the procedures set forth by the Judicial Conference. Those procedures specify that the debtor's net income from Schedule I must be used. When computing net income, Schedule I explicitly allows the debtor to take deductions for payroll taxes and Social Security, insurance, union dues, and any other monthly deduction. The Court cannot disregard the plain language of the statute.

## Conclusion

---

[1] Available at http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/JCUSinterrimProcedures.aspx (last visited November 2, 2012).

For the reasons stated, the Court finds that it is appropriate for the debtor to use her net income on the Application. The Trustee's objection is OVERRULED and the debtor's Application is GRANTED.

See Order entered this date.

ENTERED: November 26, 2012

/s/ Laura K. Grandy
_____
UNITED STATES BANKRUPTCY JUDGE/4